Jasen, J.
Millie Galasso died intestate on January 31, 1966. Letters of administration were issued on February 24, 1966 to two sons, Peter Galasso and Leonard Galasso. They, together with two other children of the decedent, were distributees of the estate. On October 2, 1970, Leonard Galasso filed an inter *321 mediate accounting, to which Peter Gralasso filed objections. Thereafter, on May 9, 1972, the Surrogate’s Court, Bronx County, denied specific performance of a stipulation off settlement of all objections purportedly entered into on February 15, 1972.
The parties to this proceeding, after several'hearings, entered into a purported stipulation which was read into the record. By the terms of the stipulation, inter alia, Leonard Gralasso agreed to purchase for $15,000 the one-fourth interest in certain real property owned by his brother Peter. Less than a month later, Leonard Gralasso notified the objectant’s attorneys that circumstances had arisen which made it necessary for him to withdraw his offer to purchase his interest in the real property. Peter Gralasso then moved for an order directing Leonard to perform all the terms of the alleged stipulation of settlement made in open court and for specific performance of said settlement.
While it is true, as the Appellate Division noted, that stipulations of settlement are favored by the courts and will not be set aside in the absence of fraud or overreaching (cf. Matter of Hecht, 24 A D 2d 1001), we are unable to agree with the Appellate Division that the stipulation, as it appears from the record, was “ definite and complete ” (Matter of Dolgin Eldert Corp., 31 N Y 2d 1, 10). What is clear from the record is that on February 11 and 15, 1972, the parties made an effort to reach such a stipulation. Nevertheless, on both days the parties were unable to agree to the withdrawal of all objections, and it cannot be said that a finally agreed upon stipulation was reached. We find very persuasive in this regard the fact that the Surrogate who participated in the purported settlement remarked towards the end of the February 15 hearing that “ I am still not sure it’s settled.” Counsel for the accountant replied with similar uncertainty, “ I hope this matter will be settled.” As we noted under analogous circumstances in Matter of Dolgin Eldert Corp. (supra, p. 11), “ [a]t best, it was an agreement to agree to the amplified terms of a future writing ”.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the order of the Surrogate’s Court, Bronx County, reinstated.
*322 Chief Judge Breitel and Judges Gtabrielli, Jones, Waohtler and Rabin concur; Judge Stevens taking no part.
Order reversed, without costs against the estate or any party, and order of Surrogate’s Court, Bronx County, reinstated.