■ RUTH ANDERSON, Appellant, v ROBERT ANDERSON, Respondent. — In a matrimonial action, plaintiff appeals from an order of the Supreme Court, Richmond County (Hurowitz, J.), dated June 8, 1982, which, *inter alia,* granted defendant's motion to vacate a stipulation of settlement and judgment of divorce entered thereon and restore the action to the contested calendar. Order reversed, without costs or disbursements, defendant's motion denied, and matter remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith. Plaintiff commenced an action for divorce in November, 1981. On March 10, 1982, following numerous and lengthy discussions between the parties, their counsel and the court, a stipulation of settlement was entered into. At all times the defendant was represented by competent counsel and, in response to the court's inquiry, defendant stated that he understood and accepted the terms of the stipulation. A judgment of divorce, predicated on the stipulation, was granted on April 22, 1982. On May 21, 1982, alleging that the defendant had failed to pay alimony and had failed to cooperate in the sale of the marital home, plaintiff moved by order to show cause for a payroll deduction order pursuant to section 49-b of the Personal Property Law directing defendant's employer to deduct weekly sums from his salary. Plaintiff also sought a money judgment for arrears in support and maintenance, and an order directing defendant to execute brokerage agreements for the sale of the marital premises. By notice of motion dated May 20, 1982, defendant moved for an order vacating the stipulation of settlement on the ground that he had agreed to it under duress and coercion and vacating the judgment of divorce which incorporated the settlement. The defendant asked that the matter proceed to trial on all issues. In his affidavit submitted in support of his motion, the defendant alleged that he was intimidated and coerced by the court into agreeing to an inequitable financial settlement. During argument on the motion, however, defendant's attorney stated that, although he recalled "lengthy discussions" and conferencing of the case, he "frankly" did not remember any words of coercion used by the court. Counsel stated further that he understood that the court had been attempting to work out several "complicated issues" between the parties, which, in counsel's view, the court tried to resolve in a "very patient way". The court granted the motion and vacated the stipulation of settlement as well as the judgment of divorce. In our view, the court improvidently exercised its discretion in granting the defendant's application. Relief from a stipulation of settlement may only be

granted upon a showing of good cause, as where it resulted from collision, mistake, accident, or some similar cause (see *Ragen v City of New York,* 45 AD2d 1046; *Wilson v Wilson,* 44 AD2d 667; *Stiber v Stiber,* 65 AD2d 758). In the case at bar, the record reflects that the defendant was represented by competent counsel and assented in open court to the terms of the stipulation which were read into the record by his attorney. He never suggested that he needed additional time to consider aspects of the settlement nor is there any evidence in the record to indicate that, at the time the settlement was entered, the defendant was suffering from an impaired mental state. Unsupported assertions of coercion cannot form the basis for vacating a stipulation of settlement (see, e.g., *Rado v Rado,* 51 AD2d 811). Moreover, on the record before us, we see nothing inequitable or unfair about the stipulation of settlement. Since Special Term did not reach the merits of the plaintiff's motion, *inter alia,* for a payroll deduction order and a judgment for arrears, we remit the case for further proceedings. Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.