■ Lorraine Sontag, Appellant, v Mark Sontag, Respondent.—In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated January 7, 1985, which granted the defendant husband's motion to enforce a stipulation entered into by the parties on July 17, 1984.

Order affirmed, with costs.

In this matrimonial action, the parties entered into a stipulation which was spread upon the record in Justice Levitt's Chambers on July 17, 1984. The stipulation represented the culmination of two years of negotiations and a series of "off-the-record conferences with the Court in an attempt to settle certain matters". The stipulation provided, inter alia, for maintenance, child support, life insurance, medical insurance, visitation, and allocation of proceeds upon sale of the marital residence.

Defendant moved by notice of motion dated August 27, 1984 to enforce the stipulation. Apparently, on the day following the July 17, 1984 court proceeding, plaintiff "changed her mind" and decided to "not abide by the terms of the stipula-

tion". Plaintiff contends, in essence, that the stipulation was not final and binding but entered into subject to the execution of a formal written document embodying the terms agreed to and certain incidental issues to be resolved in the future.

Pursuant to CPLR 2104, an oral stipulation is binding on the parties provided that the agreement is spread upon the record in "open court". The "open-court" requirement is satisfied by transcribed proceedings in Chambers *(Matter of Dolgin Eldert Corp.,* 31 NY2d 1; *Owens v Lombardi,* 41 AD2d 438, *lv denied* 33 NY2d 515). Therefore, plaintiff's allegations must be examined in light of the strong policy reasons favoring stipulations of settlement: "Stipulations of settlement are favored by the courts and not lightly cast aside (see *Matter of Galasso,* 35 NY2d 319, 321). This is all the more so in the case of 'open court' stipulations *(Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 10) within CPLR 2104, where strict enforcement, not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process. Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation *(Matter of Frutiger,* 29 NY2d 143, 149-150)" *(Hallock v State of New York,* 64 NY2d 224, 230).

Plaintiff's allegations fall considerably short of the type required to afford relief from a stipulation. Unsubstantiated, conclusory statements, such as: "I never believed that the bare bones statements of the attorney which I have read was to be agreed upon before the whole arrangement was set down on paper in detail and analyzed", do not warrant vacatur of the settlement. As Special Term noted in its decision: "Plaintiff has failed to raise any grounds to set the stipulation aside except that she has apparently changed her mind. Clearly, after many conferences, full representation by counsel, and discussions with the Court, a change of heart is insufficient".

Moreover, plaintiff's reliance on *Kleinberg v Ambassador Assoc.* (103 AD2d 347, *affd* 64 NY2d 733) and *Medallion Chem. Corp. v Chemical Resources* (58 AD2d 808) is misplaced. In both cases, the courts refused to enforce alleged stipulations of settlement. However, at the crux of each decision was the fact that the alleged agreement was not placed on the record. The instant case is clearly distinguishable because the stipulation was placed on the record.

Finally, plaintiff claims that Justice Levitt exerted undue pressure, amounting to legal duress, when attempting to

effectuate the settlement. In order to prove legal duress a party must adduce proof that "a wrongful threat preclud[ed] the exercise of his free will" *(Austin Instrument v Loral Corp., 29 NY2d 124, 130)*. However, plaintiff fails to allege any specific facts that constitute legal duress. Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.