■ JACK DANIELS, Appellant, v CLARENCE R. BANKS, Respondent.—In an action, *inter alia,* for a judgment declaring the plaintiff to be the owner of certain real property by adverse possession, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (McCarthy, J.), dated August 11, 1986, which denied his motion to enforce a prior stipulation of the parties and (2) a judgment of the same court, entered November 26, 1986, which, upon granting the defendant's motion to dismiss the complaint at the close of the plaintiff's case, is in favor of the defendant and against him.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion to dismiss the complaint is denied, the order is vacated, the plaintiff's motion, *inter alia,* to enforce the stipulation of settlement entered into by the parties is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and determination consistent herewith; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of the direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On March 15, 1982, the parties appeared in court for a pretrial conference of this case and entered into a written stipulation signed by both parties. The stipulation stated that the defendant

"grants to Jack Daniels [the plaintiff] the following easement:

"Right to pass over the northerly 30 feet (from a west-east direction) and a right to occupy the easterly 10 feet of the entire property, north to south from the right of way to Moriches Bay.

"The easement granted above will be more particularly defined by metes and bounds in accordance with the survey of Raynor & Marcks previously commissioned.

"Said easement shall be recorded, run with the land and inure to the benefit of any record owner of the land now owned by Jack Daniels".

Thereafter, the defendant submitted a proposed easement which comported with the parties' stipulation except for certain changes, including as to the northerly-southerly direction of the easement, that it ran for only 100 feet rather than from "the right of way to Moriches Bay" as stated in the stipulation. The parties ultimately agreed as to two of the changes proposed and in or about November 1982 again appeared in court for a conference and modified the easement to provide, *inter alia,* that the northerly-southerly direction of the easement would run along the westerly boundary of the plaintiff's property to a point "to the beginning of the sand". The defendant commissioned a survey to determine the metes and bounds dimension of the northerly-southerly direction of the easement, which was obtained.

However, although the parties thereafter met on the property for the purpose of pacing this distance and agreeing on the metes and bounds definition of the northerly-southerly dimension at issue, a writing defining the easement granted by the defendant, as modified, in metes and bounds, was never finalized.

It is well settled that "[s]tipulations of settlement are favored by the courts and not lightly cast aside (see *Matter of Galasso,* 35 NY2d 319, 321) * * * Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation *(Matter of Frutiger,* 29 NY2d 143, 149-150)" *(Hallock v State of New York,* 64 NY2d 224, 230).

Upon examining the record as a whole, we find that although certain aspects of the agreement were to be reduced to writing at a later date, the parties' mutual manifestation of assent to the stipulation and the language of the stipulation itself demonstrates the unequivocal intention of the parties agreeing to the grant of the easement by the defendant to the plaintiff *(see, Kraker v Roll,* 100 AD2d 424, 436; *Fuchs v Fuchs,* 65 AD2d 595, 596). We also find no basis to relieve the defendant from the consequences of the stipulation. We note that in opposing the plaintiff's motion to enforce the stipula-

tion, the defendant did not dispute the validity of the agreement, but stated that he stood "ready, willing and able to abide by the terms of the stipulation of settlement". However, he opposed the plaintiff's motion solely on the ground that the plaintiff had apparently opposed the defendant's intended use of his property, and he insisted that the plaintiff withdraw such opposition "in return" for the defendant's performance of the settlement agreement.

Under these facts and circumstances, the plaintiff's motion, *inter alia,* to enforce the stipulation of settlement should have been granted. With respect to resolving the remaining controversy between the parties concerning the metes and bounds definition of the northerly-southerly direction of the easement, we direct that a hearing be held by the trial court on this matter. The sole issue to be determined by the court at that hearing is the metes and bounds definition of the northerly-southerly direction of the easement as agreed by the parties to run from the right-of-way, to the beginning of the sand along the westerly boundary of the plaintiff's property.

In light of our determination, we need not pass on the remaining contentions. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.