■ EUGENE F. PETERS, Respondent, v SUSAN PETERS, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered April 2, 1987, the defendant wife appeals from an order of the Supreme Court, Suffolk County (Fierro, J.), dated November 30, 1987, which denied, without a hearing, her motion to set aside a stipulation of settlement.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and determination.

Shortly after executing a stipulation of settlement without the representation of independent counsel, the defendant moved to set aside the stipulation, arguing that it was both unfair on its face and the product of duress and coercion applied by the plaintiff husband. The stipulation, *inter alia,* awarded her no interest in the marital residence, although the parties held title to it jointly during the marriage. The plaintiff husband denied the defendant's allegations of duress and argued that the defendant herself had desired a quick termination of the marriage and fully assented to the terms of the stipulation. The Supreme Court denied the defendant's motion without a hearing. The defendant contends that this was error.

Although relief from a stipulation of settlement will only be granted upon a showing of good cause sufficient to invalidate a contract, courts will nevertheless "strictly scrutinize separation agreements 'to see to it that they are arrived at fairly and equitably' " *(Yuda v Yuda,* 143 AD2d 657, 658, quoting from *Christian v Christian,* 42 NY2d 63, 72). Moreover, "[a]ctual fraud need not be shown if the agreement is manifestly unfair to a spouse because of the other spouse's overreaching" *(Yuda v Yuda, supra,* at 658).

Here, the defendant has asserted that the agreement was manifestly unfair and the product of duress and coercion, allegations which, if found to be true, would require that the stipulation be set aside *(see, Yuda v Yuda, supra).* Since there are issues of fact which preclude resolution of the matter based on conflicting affidavits alone, we reverse and remit the matter to the Supreme Court, Suffolk County, for a hearing and determination *(cf., Howard v Howard,* 134 AD2d 571, 572). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.