SHIRLEY HARDENBURGH, Respondent, v FRANKLIN HARD-
ENBURGH, Appellant.—

The plaintiff wife is currently about 68 years old, and the defendant is currently about 70 years old. They were married in 1941. On April 7, 1986, after two meetings with the plaintiff to discuss the terms thereof, the defendant, an engineer who elected to proceed *pro se,* and the plaintiff, who was represented by counsel, entered into a written stipulation of settlement. Both meetings occurred in the offices of the plaintiff's attorney and the signed stipulation was subsequently incorporated but not merged in the judgment of divorce. The judgment and stipulation provided, *inter alia,* (1) with respect to equitable distribution, the plaintiff was to receive 50% of the defendant's pension benefits when the defendant retired, that share to be unaffected by the remarriage of either party, and (2) with respect to maintenance, the defendant was required to pay to the plaintiff $1,250 every two weeks (payable every other Thursday) until the sale of the marital residence, at which time the payments were to be reduced to $900 every two weeks. The marital residence was sold in March 1987, the proceeds were divided equally, and the maintenance payments were reduced accordingly.

The defendant remarried in February 1987. In January 1988 he moved (1) to set aside the stipulation on the grounds, *inter alia,* that it was unconscionable, and (2) for a downward modification of the maintenance obligation on the ground of extreme hardship. The Supreme Court denied the motion and this appeal ensued.

Relief from a stipulation of settlement will only be granted upon a showing of good cause sufficient to invalidate a contract *(see, Daniels v Banks,* 136 AD2d 675; *Sontag v Sontag,* 114 AD2d 892). Moreover, " '[s]tipulations of settlement are favored by the courts and not lightly cast aside (see *Matter of Galasso,* 35 NY2d 319, 321)' " *(Sontag v Sontag, supra,* at 893). Nevertheless, the courts will strictly scrutinize separation agreements "to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud

and duress, and to set aside or refuse to enforce those born of and subsisting in inequity" *(Christian v Christian,* 42 NY2d 63, 72). Actual fraud need not be shown if the agreement is manifestly unfair to a spouse because of the other party's overreaching. Thus, the courts will look at the terms of a separation agreement to see if there is an inference, or even a negative inference, of overreaching in its execution *(see, Christian v Christian, supra,* at 71-73). An unconscionable bargain has been regarded as one " 'such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other' " *(Hume v United States,* 132 US 406, 411), the inequality being " ' "so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense *(Mandel v Liebman,* 303 NY 88, 94)" ' " *(Christian v Christian, supra,* at 71).

Viewing the challenged stipulation in its entirety, and examining the totality of the circumstances in this case, we find that the agreement is not unconscionable. Nor do we agree with the defendant that the ground of extreme hardship has been substantiated by the facts in this case.

The defendant's total monthly income, after he retires, will be $5,400, comprised of pension payments of $4,000, social security payments of $900, and interest and dividend income of $500. Of this he is obligated to pay monthly to the plaintiff $3,800, comprised of $2,000 from his pension, $1,800 in maintenance ($900 biweekly multiplied by two), and a monthly payment of $112.45 towards the premium on an insurance policy on his life. The plaintiff is the beneficiary under this policy. This leaves the defendant with $1,487.55 per month. While it is true that the major portion of his income will go to the plaintiff, we are not convinced that this renders the agreement unconscionable, especially since the record shows the plaintiff to be in failing health. Our previous decision in *Yuda v Yuda* (143 AD2d 657) is distinguishable. In that case, in addition to an inequitable maintenance arrangement, the defendant wife had exclusive occupancy of the marital residence, the sale of which was to be at her sole discretion, thus effectively depriving the plaintiff husband of any interest therein. For the reasons advanced above, we also find that a basis for a downward modification of the maintenance obligation has not been substantiated.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.