■ BARBARA A. WILUTIS, Respondent, v STEVEN J. WILUTIS, Appellant.—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Segal, J.), entered July 5, 1990, as denied his motion, inter alia, to vacate stated portions of a stipulation of settlement dated May 9, 1988.

Ordered that the order is affirmed insofar as appealed from, with costs.

Stipulations of settlement are favored by the courts and are not lightly set aside *(see, e.g., Matter of Galasso,* 35 NY2d 319; *Yuda v Yuda,* 143 AD2d 657). Absent a showing that the stipulation was the product of fraud, overreaching, mistake, or duress, it will not be disturbed *(see, Bossom v Bossom,* 141 AD2d 794; *Schieck v Schieck,* 138 AD2d 691).

The defendant contends that the Supreme Court erred in denying his motion to vacate the stipulation of settlement on the grounds that the agreement was unfair, unconscionable, and the product of fraud and duress. We disagree. Although the stipulation may have been improvidently entered into, we cannot conclude that it was unfair or unconscionable *(see, Hardenburgh v Hardenburgh,* 158 AD2d 585; *Cantamessa v Cantamessa,* 170 AD2d 792; *compare, Weinstock v Weinstock,* 167 AD2d 394; *Yuda v Yuda, supra).* Moreover, the defendant's unsupported allegations of fraud and duress do not constitute a basis for vacating an agreement that is not manifestly unfair *(see, Stoerchle v Stoerchle,* 101 AD2d 831; *Chasin v Chasin,* 98 AD2d 788; *Anderson v Anderson,* 90 AD2d 763).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.