OPINION OF THE COURT
Philip C. Segal, J.
In this child protective proceeding, respondent Caroline C. moves to enforce over petitioner’s opposition the stipulation of settlement made by the parties at the conclusion of petition *788 er’s direct case in the fact-finding hearing on February 3, 1995. In the stipulation, the parties agreed that: the petition would be deemed amended to set forth a separate claim for specified child neglect; respondent would enter an admission to that claim on a later date; and following her admission, respondent’s child would be released from temporary foster care to respondent’s custody after two weekend visits, all to be under the supervision of the Child Welfare Administration and on the conditions that respondent reside separately from corespondent Michael D. and that she enter counselling. Respondent’s motion is decided as follows.
When litigation affects the custody and welfare of a child, it cannot finally be resolved by a stipulation of the parties because the court’s parens patriae responsibility "transcends any such contract.” (46 NY Jur 2d, Domestic Relations, § 288.) Nonetheless, stipulations of settlement — even in child protective proceedings — are favored as a matter of public policy and are not set aside lightly. (See, Hallock v State of New York, 64 NY2d 224 [1984]; Sontag v Sontag, 114 AD2d 892 [2d Dept 1985].) Such stipulations are closely scrutinized but will be upheld, absent a showing that (i) a stipulation of settlement is contrary to the child’s best interests (Friederwitzer v Friederwitzer, 55 NY2d 89, 95 [1982]), (ii) there is "cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident” (Hallock v State of New York, supra, at 230), or (iii) the stipulation was materially breached so that its rescission is warranted (19 NY Jur 2d, Compromise, Accord, and Release, §§ 46-50).
Here, petitioner has not satisfied any of the above criteria. The allegation that respondent made false representations regarding the residence of corespondent Michael D. is not substantiated. Indeed, the February 15, 1995 Department of Probation investigative report, submitted in accordance with the stipulation of settlement and at the court’s direction, confirms that respondent resides alone. Moreover, the extensive record developed at the fact-finding hearing supports a conclusion that respondent does not present an imminent risk to her child’s life or health (Family Ct Act §§ 1027, 1051 [d]); that the parties agreed to the release of respondent’s child to her custody indicates their recognition of this conclusion as well. Finally, there is nothing prejudicial to the child’s interests in the stipulation of settlement, which expeditiously moves this matter to a dispositional hearing. (Cf. Anderson v Anderson, 90 AD2d 763 [2d Dept 1982].)
*789 In view of the foregoing, the February 3, 1995 stipulation of settlement will be enforced. This matter will be recalendared to receive respondent’s admission, for the entry of a fact-finding order including directions as to additional forensic reports (Family Ct Act § 1048 [b]), and for further proceedings consistent with this decision.