■ JOSHUA DANIEL, Respondent-Appellant, v KUNJAMMA R. DANIEL, Also Known as KUNJAMMA R. PAPPY, Appellant-Respondent. [639 NYS2d 713] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of (1) a judgment of the Supreme Court, Richmond County (Imperato, J.H.O.), entered May 17, 1994, which, *inter alia,* found that she waived her right to any claim of maintenance or equitable distribution pursuant to a stipulation of settlement entered into in court on April 12, 1994, and (2) an order of the same court dated December 13, 1994, which, *inter alia,* denied her motion to vacate and set aside the stipulation of settlement. The plaintiff cross-appeals, on the ground of inadequacy, from so much of the order as granted him attorneys' fees in the principal sum of only $3,750.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment and the order are affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

"Stipulations of settlement are favored by the courts and not lightly cast aside (see *Matter of Galasso,* 35 NY2d 319, 321). This is all the more so in the case of 'open court' stipulations * * * where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (*Hallock v State of New York,* 64 NY2d 224, 230; *Sontag v Sontag,* 114 AD2d 892, 893). Thus, absent fraud, overreaching, mistake, or duress, a stipulation will not be disturbed by the court (*see, Hallock v State of New York, supra,* at 230; *Zwirn v Zwirn,* 153 AD2d 854; *Bossom v Bossom,* 141 AD2d 794, 795).

In the present case, the record supports the court's finding that the defendant voluntarily and knowingly entered into the stipulation of settlement. There is no evidence in the record to support the defendant's contention that she was fraudulently

induced or coerced into settling the case, or that the court compelled her to enter into the settlement. The record demonstrates that the court conducted a proper allocution of the defendant to determine whether she willingly accepted the terms of the stipulation. As a result, the defendant's motion to vacate the stipulation was properly denied.

We find no merit to the defendant's remaining contention. Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.