■ FREDDY A. CAVALLI, Appellant, v DELORES CAVALLI, Respondent. [641 NYS2d 724] —In an action for divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated November 28, 1994, which denied his motion to vacate a stipulation settling the action.

Ordered that the order is affirmed, without costs or disbursements.

It is well settled that stipulations of settlement are favored by the courts and a stipulation spread on the record in open court will not be set aside absent a showing that it was the

result of fraud, overreaching, mistake, or duress *(see, Wilutis v Wilutis,* 184 AD2d 639). In order to prove legal duress, a party must adduce evidence that a wrongful threat precluded the exercise of the party's free will *(Sontag v Sontag,* 114 AD2d 892, 894). Generalized contentions that a party felt pressured by the court are insufficient *(Sontag v Sontag, supra),* and even a stipulation which was improvident will not be set aside unless it is manifestly unfair or unconscionable *(see, Wilutis v Wilutis, supra).* In the instant matter, the husband has wholly failed to make the requisite showings of duress, and thus he has not demonstrated that the court erred in denying his motion. Moreover, in light of the fact that the husband received sole title to the former marital residence in exchange for, among other things, his durationally-limited payments, it cannot be said that the stipulation was so one-sided as to be manifestly unfair.

The husband's remaining contentions are devoid of merit *(see, e.g., Kalra v Kalra,* 170 AD2d 579). Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.