■ HORTENSE LEFKOWITZ, Respondent, v JACK LEFKOWITZ, Appellant. [714 NYS2d 520] —In a matrimonial action in which the parties were divorced by judgment entered June 23, 1999, the defendant appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Nassau County (Mahon, J.), dated August 4, 1999, which, *inter alia,* denied his motion, in effect, to vacate a stipulation of settlement dated June 30, 1998, and (2) so much of an order of the same court, entered October 22, 1999, as, after a hearing, denied his application to vacate the same stipulation.

Ordered that on the Court's own motion, the appellant's notice of appeal from the order entered October 22, 1999, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

At an inquest on June 30, 1998, the defendant husband and the plaintiff wife entered into an open-court stipulation settling their financial issues. During the recitation of the stipulation, the defendant was represented by the attorney of his choice. Additionally, he affirmatively asserted that he understood the agreement and the fact that it was binding. During a thorough allocution he denied that the stipulation was the result of any undue influence or that he suffered from any physical or mental infirmity.

The defendant's unsupported allegations failed to establish that the stipulation was unconscionable or that it should be vacated because of his alleged diminished capacity, the plaintiff's coercion, or overreaching (*see, Cavalli v Cavalli,* 226 AD2d 666; *Daniel v Daniel,* 224 AD2d 573; *Wilutis v Wilutis,* 184 AD2d 639; *Sontag v Sontag,* 114 AD2d 892).

The defendant's remaining contentions are either without merit or not properly before this Court, as they relate to claims regarding the parties' judgment of divorce entered June 23, 1999. The defendant's appeal from the judgment was dismissed by decision and order on motion of this Court dated October 5, 1999, on the ground that no appeal lies from a judgment

entered on the consent of the appealing party (*see, Nutkiewicz v Nutkiewicz,* 123 AD2d 378). O'Brien, J. P., Altman, Krausman and Goldstein, JJ., concur.