■ Debra Shapira, Respondent, v Guy Shapira, Appellant. [724 NYS2d 647] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated July 26, 1999, which, *inter alia,* denied his motion to vacate the parties' stipulation of settlement and for a hearing on the issues of custody and child support.

the defendant husband appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated December 22, 1999, which, *inter alia*, denied his motion to vacate the parties' stipulation of settlement and for a hearing on the issues of custody and child support.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied that branch of the defendant's motion which was to set aside the stipulation of settlement. As a general rule, a stipulation of settlement made in open court by parties who are represented by counsel will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see, Christian v Christian,* 42 NY2d 63; *Wilson v Neppell,* 253 AD2d 493). The defendant's allegations that the Supreme Court pressured him into executing the stipulation are not supported by the record (*see, Cantamessa v Cantamessa,* 170 AD2d 792, 793; *Washo v Washo,* 170 AD2d 827; *Anderson v Anderson,* 90 AD2d 763). Moreover, under the circumstances of this case, the challenged stipulation was not unconscionable (*see, Hardenburgh v Hardenburgh,* 158 AD2d 585).

Similarly, the Supreme Court properly determined that the defendant's self-serving, conclusory allegations were not sufficient to warrant a hearing on the issue of modifying the custody and child support provisions set forth in the stipulation (*see, Teuschler v Teuschler,* 242 AD2d 289; *David W. v Julia W.,* 158 AD2d 1).

The defendant's remaining contentions are without merit. Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.