In the Matter of ALEXANDER L. and Others, Infants. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; TIMOTHY L., Respondent, et al., Respondent. [824 NYS2d 698]—

Appeal from an order of the Family Court, Onondaga County (Martha Walsh Hood, J.), entered August 3, 2005 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, denied in part petitioner's motion seeking an order determining that reasonable efforts by petitioner to reunite the children with respondent Timothy L. are not required, dating back to the date of the order of disposition.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted in its entirety.

Memorandum: Petitioner moved for, inter alia, an order pursuant to Family Court Act § 1039-b determining that reasonable efforts by petitioner to reunite the subject children with respondent father are not required, dating back to the date of the order of disposition, i.e., September 24, 2004. We agree with petitioner that Family Court erred in determining that reasonable efforts were not required dating back only to the date of the filing of the motion, i.e., March 24, 2005. Family Court Act § 1039-b should be applied retroactively to the date of the order of disposition, i.e., September 24, 2004 (see Matter of Marino S., 100 NY2d 361, 372-373 [2003], cert denied 540 US 1059 [2003]), and the record establishes that respondent father "has subjected the child[ren] to aggravated circumstances" (Family Ct Act § 1039-b [b] [1]). Although we of course acknowledge that the September 24, 2004 stipulation between petitioner and respondents to the disposition should not lightly be disregarded (see Matter of Galasso, 35 NY2d 319, 321 [1974]), we note that petitioner unequivocally reserved its right therein to move at a later date for the relief now sought. Thus, contrary to the contention of respondent father, the stipulation does not bar the relief now sought by petitioner. Present—Scudder, J.P., Kehoe, Martoche and Green, JJ.