**Nogueira v Ery Retail Podium LLC**

2024 NY Slip Op 30526(U)

February 16, 2024

Supreme Court, New York County

Docket Number: Index No. 150618/2017

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. ADAM SILVERA**                                    PART                40

*Justice*

-----------------------------------------------------------------------X

ELIANDRO NOGUEIRA,

                            Plaintiff,

                    - v -

ERY RETAIL PODIUM LLC,HUDSON YARDS
CONSTRUCTION LLC,TISHMAN CONSTRUCTION
CORPORATION

                         Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150618/2017 |
| MOTION DATE | 12/20/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118

were read on this motion to/for              **ENFORCEMENT**           .

Upon the foregoing documents, it is ordered that plaintiff's instant motion is decided as indicated below.

Plaintiff commenced this action to recover monetary damages for personal injuries. Following the filing of the note of issue, this action was scheduled for several settlement conferences and the parties agreed upon a settlement amount. In court, plaintiff's counsel and defendants' counsel signed a short form So Ordered Stipulation of Settlement dated October 25, 2023 (hereinafter referred to as the "October 25, 2023 Document"). Thereafter, a disagreement occurred regarding terms to include in the written agreement. Plaintiff now moves to enforce the October 25, 2023 Document, to direct defendants to issue payment of the settlement amount, to vacate the Court's order not to enter judgment, awarding costs to plaintiffs, and for sanctions for defendants' alleged frivolous continuation of this action. Defendants oppose and plaintiff replies.

Here, plaintiff argues that the October 25, 2023 Document was the agreed upon settlement agreement and that such document "contained all material terms." Affirmation in

150618/2017   NOGUEIRA, ELIANDRO vs. ERY RETAIL PODIUM LLC,
Motion No. 003

Page 1 of 5

[* 1]

Support of Motion, ¶14. Plaintiff argues that, as the agreement signed in court would be uploaded, all parties knew that the agreement would not be confidential. Subsequently, defendants sent closing documents to plaintiff which included a confidentiality clause. Plaintiff argues that such confidentiality clause was not previously discussed and was not agreed upon. According to plaintiff, the document signed in court on October 25, 2023 is the settlement agreement in this action and is enforceable absent extraordinary circumstances such as fraud. Plaintiff contends the October 25, 2023 Document included defendants' handwritten note regarding the worker's compensation lien, which was the only other material term included in the settlement agreement. Plaintiff states that the worker's compensation has since approved of the settlement. Plaintiff argues that the only terms negotiated and discussed between counsel prior to entering into the October 25, 2023 Document, was the worker's compensation lien and whether there would be a structured settlement.

In opposition, defendants argue that the October 25, 2023 Document was not intended to be the complete settlement agreement, and does not contain all of the material terms. Defendants contend that, at the time the document was signed in court, the parties agreed to work out the terms of the full settlement agreement outside of court. Defendants state that plaintiff has not disputed this. Moreover, defendants point to the email communications between counsel following the October 25, 2023 Document, arguing that terms of the full settlement were being worked out between the parties outside of court. Defendants state that their required terms were drafted into a settlement agreement and provided to plaintiff on November 6, 2023 which included several terms not mentioned in the October 25, 2023 Document. According to defendants, plaintiff's only objection was to the confidentiality clause, and the settlement agreement was rejected by plaintiff. Defendants state that on December 4, 2023, plaintiff revised

150618/2017   NOGUEIRA, ELIANDRO vs. ERY RETAIL PODIUM LLC,
Motion No. 003

Page 2 of 5

[* 2]

the settlement agreement originally drafted by defendants, removing the confidentiality clause and removing the signature line for defense counsel. Such revised settlement agreement was signed by both plaintiff and plaintiff's counsel. Plaintiff's draft settlement agreement was then rejected by defendants.

Plaintiff replies reiterating the arguments made in their initial support papers. Plaintiff argues that none of the terms included in defendants' November 6, 2023 draft agreement were material and that all the material terms of the settlement were included in the October 25, 2023 Document.

Here, the Court must determine whether the October 25, 2023 Document was the full settlement agreement entered into by both plaintiff and defendants which included all of the material terms of the agreement. After a review of all the papers, as well as the conferences and arguments heard on the motion, the Court finds that the October 25, 2023 Document was not intended by the parties to be the full settlement agreement which encompassed all of the material terms of the agreement. The Appellate Division, First Department, has held that "[e]ven if parties intend to be bound by a contract, it is unenforceable if there is no meeting of the minds, i.e., if the parties understand the contract's material terms differently". *Gessin Elec. Contrs., Inc. v 95 Wall Assoc., LLC*, 74 AD3d 516, 519 (1st Dep't 2010). Moreover, the Court of Appeals has held that "[w]hile it is true…that stipulations of settlement are favored by the courts and will not be set aside in the absence of fraud or overreaching, …[such stipulation of settlement], as it appears from the record, …[must be] definite and complete", even where such stipulation of settlement was read into the record in open court. *Galasso v Galasso*, 35 NY2d 319, 321 (1974)(internal citations and quotations omitted).

150618/2017  NOGUEIRA, ELIANDRO vs. ERY RETAIL PODIUM LLC,
Motion No. 003

Page 3 of 5

3 of 5

[* 3]

In the instant action, the October 25, 2023 Document, was a form order signed by plaintiff and defendants' counsel following several court conferences in which the parties negotiated and agreed upon an amount of money to settle this action. The full contents of the October 25, 2023 Document are as follows:

> This action is hereby settled in the amount of $8,500,000, inclusive of all interests, liens, costs, and disbursements. This settlement includes no workers comp lien reduction or waiver. Workers comp claim remains open. This settlement is subject to workers comp. approval.
> Any and all pending motions are hereby withdrawn.

Contrary to plaintiff's argument that the October 25, 2023 Document incorporated all the material terms, plaintiff concedes that the payment schedule and whether the payment would be structured was discussed and negotiated prior to the written agreement. No mention of such term was made in the October 25, 2023 Document. However, following the signing of such document, plaintiff and defendants' counsels exchanged email correspondence in which plaintiff discussed and requested the additional term of a structured settlement. Thereafter, additional correspondence was exchanged between plaintiff and defendants wherein plaintiff sought additional discussions regarding the payment of the settlement amount, advising that plaintiff no longer wished to have a structured settlement. In an email correspondence dated November 1, 2023, plaintiff requested "the settlement paperwork" from defendants. Plaintiff's continued discussions regarding the terms of a settlement agreement following the signing of the October 25, 2023 Document evinces that such document did not constitute the full settlement agreement between the parties. In fact, plaintiff provided defendants with a 10 page "Settlement Agreement with Release", dated December 4, 2023, signed by plaintiff and plaintiff's counsel setting forth numerous terms of settlement which were not included in the October 25, 2023 Document.

150618/2017   NOGUEIRA, ELIANDRO vs. ERY RETAIL PODIUM LLC,
Motion No. 003

Page 4 of 5

Furthermore, following the October 25, 2023 Document, defendants also continued to discuss settlement terms regarding confidentiality.

Here, it cannot be said that the October 25, 2023 Document represented the "definite and complete" terms of the settlement agreement, nor that there was a meeting of the minds as to all the material terms of the settlement agreement as required by the Court of Appeals in *Galasso, supra.* As such, plaintiff's motion is hereby denied.

Accordingly, it is

ORDERED that plaintiff's motion seeking to enforce the October 25, 2023 Document, directing defendants to pay the settlement amount, vacating the Court's directive not to enter judgment, and awarding costs and sanctions, is denied in its entirety; and it is further

ORDERED that all parties shall appear in room 422 of 60 Centre Street, New York, NY on February 28, 2024 at 10:00am for the scheduling of a trial date; and it is further

ORDERED that within 30 days of entry, defendants shall serve a copy of this decision/order upon all parties with notice of entry.

This constitutes the Decision/Order of the Court.

| 2/16/2024 | | | | |
|---|---|---|---|---|
| DATE | | | ADAM SILVERA, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

150618/2017   NOGUEIRA, ELIANDRO vs. ERY RETAIL PODIUM LLC,
Motion No.  003

Page 5 of 5

5 of 5

[* 5]