■ NANCY WASHO, Respondent, v BASIL WASHO, Appellant. —Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Charde, Jr., J.H.O.), entered February 9, 1990 in Dutchess County, which denied defendant's motion to rescind a stipulation of settlement entered into between the parties.

Plaintiff and defendant were married in August 1963. In 1982, the parties separated and in October 1985 plaintiff

commenced the instant action for divorce. The matter was set down for trial on December 4 and 5, 1989 and, on the second day, the parties entered into a stipulation of settlement in open court, which was thereafter incorporated in the judgment of divorce. That stipulation provided in pertinent part that plaintiff would receive 78.5% and defendant would receive 21.5% of the $107,000 proceeds from the sale of the marital home and that defendant would retain his entire interest in his pension and tax deferred savings plan from IBM Corporation, valued at approximately $62,000. The stipulation further provided that defendant would pay plaintiff $200 per week in maintenance and continue to pay the premiums for plaintiff's medical and dental insurance coverage, both for a 10-year period. Defendant also agreed to ensure his maintenance obligation with a life insurance policy.

In January 1990, defendant moved to set aside the stipulation of settlement upon the grounds that its terms were unconscionable and that, at the time he entered into the stipulation, he was under duress resulting from the side effects of his blood pressure medication and coercion by the Judicial Hearing Officer. Following Supreme Court's denial of that motion, the parties stipulated to allow defendant to provide the court with additional submissions, including an affidavit from defendant's physician. Supreme Court then adhered to its original decision and this appeal ensued.

In our view, Supreme Court properly denied defendant's motion to set aside the stipulation of settlement. It is firmly established that open-court stipulations of settlement made, as here, by parties who are represented by counsel will not be lightly cast aside in the absence of a showing of good cause, such as mistake, fraud, duress, overreaching or unconscionability (see, Hallock v State of New York, 64 NY2d 224, 230; Barzin v Barzin, 158 AD2d 769, 770; Bossom v Bossom, 141 AD2d 794, 795; see also, Christian v Christian, 42 NY2d 63, 71-72). Here, we find unavailing defendant's contention that he was under duress when he entered into the stipulation. While defendant argues that certain side effects of his medication such as confusion and dizziness resulted in an impairment of his judgment, defendant indicated, in response to Supreme Court's inquiry, that he understood and had an adequate opportunity to review the terms of the stipulation, that he was voluntarily entering into the stipulation and that he was not under the influence of any mind-altering drug. Thus, there is nothing in the record tending to establish that defendant was suffering from an impaired mental state (see,

*Anderson v Anderson,* 90 AD2d 763, 764) and we must give deference to Supreme Court's assessment of defendant's condition, as it was best able to observe his demeanor at the time of the stipulation *(see, Zioncheck v Zioncheck,* 99 AD2d 563). Similarly, defendant's claim that he was pressured or coerced by the Judicial Hearing Officer into accepting the stipulation is unsubstantiated by the record *(see, Cantamessa v Cantamessa,* 170 AD2d 792 [decided herewith]; *Sontag v Sontag,* 114 AD2d 892, 893-894, *lv dismissed* 66 NY2d 554; *cf., Schunk v Schunk,* 84 AD2d 904, 905).

We likewise reject defendant's contention that the terms of the stipulation of settlement are unconscionable. The agreed-upon distribution of the parties' marital assets provides plaintiff and defendant with nearly equal shares of the total value of such assets. This is clearly not inequitable *(see, Christian v Christian, supra,* at 71). Nor can we conclude that defendant's 10-year maintenance obligation of $200 per week is inequitable, in view of his annual gross salary of $65,000 and the duration of the parties' marriage. Although defendant maintains that, as a result of the stipulation, he will be required to "work well into [his] sixties" despite plaintiff's ability to be self-supporting, a stipulation of settlement should not be set aside on the ground of unconscionability merely because, in retrospect, "one or more of the specific provisions [may have been] improvident or one-sided" *(supra,* at 72; *see, McFarland v McFarland,* 70 NY2d 916, 918; *Barzin v Barzin, supra,* at 771-772; *Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538, *lv dismissed* 74 NY2d 793).

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.