■ FRANCINE BRENDER, Respondent, v WILLIAM C. BRENDER, Appellant. URBACH, KAHN & WERLIN, P. C., Respondent. [605 NYS2d 411] —Crew III, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered August 28, 1992 in Warren County, which directed plaintiff to obtain health insurance coverage and ordered plaintiff and defendant to pay in equal shares the difference between the cost thereof and the cost of a policy under defendant's group plan, and (2) from an order of said court, entered October 29, 1992 in Warren County, which granted Urbach, Kahn & Werlin, P. C.'s motion to establish its fee and which apportioned the payment of said fee between the parties.

Plaintiff and defendant entered into a stipulation of settlement, which was thereafter incorporated but not merged into a judgment of divorce entered March 16, 1992. Insofar as is relevant to these appeals, the stipulation provided that plaintiff would be allowed to purchase her own health insurance through defendant's professional corporation, of which plaintiff was a former employee, and, further, that each party would pay one half of the fee charged by the court-appointed accounting firm of Urbach, Kahn & Werlin, P. C. for services rendered in connection with the appraisal of defendant's medical practice.

In June 1992, plaintiff moved by order to show cause to have defendant held in contempt of court for failing to comply with the provision of the stipulation relating to health insurance coverage. Supreme Court thereafter issued an order directing plaintiff to obtain health insurance comparable to that provided under defendant's group plan and further directed that plaintiff and defendant pay in equal shares the difference between the cost of defendant's group policy premium and that of the policy obtained by plaintiff. Subsequently, in October 1992, Supreme Court granted a motion brought by Urbach, Kahn & Werlin, P. C. to establish its fee and directed that the fee so designated, $10,500, be paid one third by plaintiff and two thirds by defendant. These appeals

by defendant followed and have been consolidated by order of this Court.

Although stipulations of settlement, entered into in open court and by parties who are represented by counsel, should not be cast aside lightly, such agreements "will be set aside upon the demonstration of good cause, such as mistake, fraud, duress or overreaching" *(Cantamessa v Cantamessa,* 170 AD2d 792, 793; *see, Washo v Washo,* 170 AD2d 827, 828). Here, it appears that all involved mistakenly believed at the time the stipulation was entered into that plaintiff would be able to continue to obtain medical insurance through defendant's group health plan.[1] As it developed, such coverage simply was not available and, as such, the relevant settlement provision was properly set aside. We reach a different conclusion, however, with respect to Supreme Court's directive that plaintiff obtain alternative coverage and that defendant pay a portion of the difference in premiums. Although Supreme Court may, under appropriate circumstances, reform the parties' agreement to conform to their actual intent *(see generally, Lambert v Lambert,* 142 AD2d 557, 558; *Surlak v Surlak,* 95 AD2d 371, 380), the record before us contains conflicting proof on the issue of whether the parties did in fact intend for defendant to provide plaintiff with and pay a portion of her health insurance coverage. We therefore deem it appropriate to remit this matter to Supreme Court for a hearing on this issue.[2]

Finally, we reject defendant's assertion that Supreme Court erred in fixing Urbach, Kahn & Werlin, P. C.'s fee without a hearing. The record contains detailed affidavits from the certified public accountant who prepared the evaluation and addi-

---

1. The parties apparently believed that plaintiff would be entitled to continuing coverage in accordance with 29 USC § 1161 (a), which requires the plan sponsor of a group health plan to provide continuing coverage for each qualified beneficiary who would lose coverage under the plan as the result of a qualifying event. This provision does not apply, however, to employers who, like defendant, employ fewer than 20 employees on a typical business day during the preceding calendar year *(see,* 29 USC § 1161 [b]).

2. In passing, we note that plaintiff should have commenced a plenary action to challenge the stipulation rather than proceeding by motion *(see generally, Teitelbaum Holdings v Gold,* 48 NY2d 51). Although this technical procedural defect may be overlooked *(see,* CPLR 2001), we are nevertheless of the view that Supreme Court erred in deciding the motion without holding an evidentiary hearing *(cf., Lambert v Lambert,* 142 AD2d 557, *supra).* We further note that Supreme Court apparently did not render a written decision on plaintiff's motion, and this Court is thereby deprived of the benefit of the court's rationale for its determination *(see, Marine Midland Bank v Cafferty,* 174 AD2d 932, 932-933).

tional documentary evidence substantiating the time spent and services performed by the firm. Such proof provides a more than adequate foundation for Supreme Court's ruling and, accordingly, no evidentiary hearing was required *(see, Matter of Vitek v Vitek,* 170 AD2d 908, 910). We agree, however, that Supreme Court erred in its postsettlement reapportionment of the firm's fee between the parties. Although a sizeable portion of the accountant's fee may be traced to the additional time incurred responding to defendant's repeated objections to the appraisal report, the parties nevertheless agreed, for reasons known only to them, to split the fee equally, and the record does not provide a basis for setting aside their agreement on this point. Defendant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order entered August 28, 1992 is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. Ordered that the order entered October 29, 1992 is modified, on the law, without costs, by reversing so much thereof as directed plaintiff to pay one third of the fee established and defendant to pay two thirds of the fee established, and, as so modified, affirmed.

