■ SHARON S. SHERIDAN, Appellant, v RAYMOND J. SHERIDAN, Respondent. [608 NYS2d 582] —Crew III, J. Appeals (trans-

ferred to this Court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Fitzer, J.H.O.), entered October 31, 1991 in Dutchess County, which, *inter alia,* denied plaintiff's cross motion for an order setting aside portions of a separation agreement, and (2) from a judgment of said court granting, *inter alia,* the parties a divorce, entered November 25, 1991 in Dutchess County, upon a decision of the court.

The parties were married in December 1963 and physically separated in February 1987 when defendant left the marital residence. Thereafter, in December 1988, plaintiff commenced this action for divorce on the ground of cruel and inhuman treatment. While the parties were attempting to settle this matter, defendant made certain voluntary payments to plaintiff and in July 1990, in apparent response to an application for temporary support and maintenance, defendant agreed to pay plaintiff $150 per week, plus all payments for the basic maintenance of the marital residence, including the mortgage, insurance, utilities and basic phone service.

Shortly thereafter, on September 25, 1990, the parties executed a separation agreement which provided, *inter alia,* that defendant would pay child support for the two unemancipated children in an amount equal to the guidelines set forth in Domestic Relations Law § 240 (1-b), that plaintiff would obtain an interest in defendant's pension in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481) and that the marital residence would be mortgaged for $60,000, with the resulting funds used to pay certain outstanding debts and to cover the mortgage and real estate taxes on the marital residence until it could be sold, at which time the proceeds would be divided equally. The separation agreement also contained a "no maintenance" provision.

In September 1991 defendant moved for, *inter alia,* leave to amend his answer to include a counterclaim for divorce on the ground that the parties had lived separate and apart for more than a year pursuant to a separation agreement *(see,* Domestic Relations Law § 170 [6]) and for a judgment of divorce. Plaintiff then cross-moved for, *inter alia,* leave to serve a reply to defendant's proposed amended answer and counterclaim and an order directing defendant to pay plaintiff $200 per week in maintenance and setting aside that portion of the separation agreement directing the sale of the marital residence. Although not entirely clear from the record, it appears that Supreme Court accepted the parties' respective proposed

pleadings and treated defendant's motion as one for summary judgment. Supreme Court then denied plaintiff's cross motion to set aside certain provisions in the separation agreement on the ground that the agreement had been entered into in open court, with both parties present and represented by counsel, and granted the parties a divorce. These appeals by plaintiff followed.

Initially, it is clear from the record that Supreme Court erred in denying plaintiff's cross motion on the ground that the parties' agreement had been entered into in open court. While it is firmly established that open-court stipulations of settlement made by parties who are represented by counsel will not be cast aside lightly *(see, Brender v Brender,* 199 AD2d 655, 666; *Washo v Washo,* 170 AD2d 827, 828), no such stipulation exists here. The record plainly indicates that although defense counsel appeared and advised Supreme Court that an agreement had been reached, neither plaintiff nor her attorney were present for this colloquy and it does not appear that plaintiff was ever questioned by Supreme Court regarding the specifics of the underlying agreement.

We are also of the view that Supreme Court erred in denying plaintiff's cross motion without first conducting a hearing. In view of the fiduciary relationship existing between spouses, separation agreements are more closely scrutinized by courts than ordinary contracts and may be set aside "upon the demonstration of good cause, such as mistake, fraud, duress or overreaching * * * or when found to be unconscionable" *(Cantamessa v Cantamessa,* 170 AD2d 792, 793 [citations omitted]; *see, Vandenburgh v Vandenburgh,* 194 AD2d 957, 958; *Yuda v Yuda,* 143 AD2d 657, 658; *Battista v Battista,* 105 AD2d 898, 898-899). Here, plaintiff's averments regarding the marital history, the parties' respective financial situations and her emotional state at the time the agreement was entered into, together with other evidence concerning the circumstances under which the separation agreement was executed and the terms of the agreement itself, were sufficient to create an inference of overreaching and raise a question of fact as to the reasonableness and fairness of the underlying agreement *(cf., Peters v Peters,* 150 AD2d 763; *Perlmutter v Perlmutter,* 65 AD2d 601). Under these circumstances, Supreme Court's summary disposition was inappropriate and the matter must be remitted for a hearing on the allegations raised by plaintiff *(see, supra).*

As a final matter, we note that our remittal to Supreme Court for a hearing on plaintiff's motion to set aside certain of

the financial provisions contained in the parties' separation agreement does not mandate a reversal of the judgment of divorce. Although a separation agreement which is void *ab initio* due to fraud, duress or incapacity cannot serve as the basis for a conversion divorce under Domestic Relations Law § 170 (6) *(see, Angeloff v Angeloff,* 56 NY2d 982; *Howard v Howard,* 134 AD2d 571), such is not the case here. The separation agreement at issue contains a severability clause providing that in the event any of the enumerated provisions is found to be invalid, illegal or unenforceable, the remaining provisions nonetheless survive, and it appears that plaintiff's arguments on appeal are aimed at specific financial provisions and not the agreement as a whole. Under these circumstances, we see no reason to set aside the judgment of divorce *(see, Christian v Christian,* 42 NY2d 63). The parties' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion to set aside certain provisions in the parties' separation agreement; matter remitted to the Supreme Court for a hearing on said motion; and, as so modified, affirmed.