■ M. DIANNE SIPPEL, Appellant, v JOHN D. SIPPEL, Respondent. [661 NYS2d 366] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in vacating the stipulation entered into by the parties in open court before the Referee on the ground that it is unconscionable. It is well settled that the court, upon motion or its own initiative, "may confirm or reject, in whole or in part * * * the report of a referee to report; may make new findings with or without taking additional testimony; and may order a new trial or hearing" (CPLR 4403). Furthermore, before entry of a judgment of divorce, a party may by motion seek to set aside a stipulation on the ground that it was not fair and reasonable at the time of its making or is unconscionable (*see, Sheridan v Sheridan,* 202 AD2d 749, 750-751; Domestic Relations Law § 236 [B] [3]). Such a stipulation will be set aside only "upon the demonstration of good cause, such as mistake, fraud, duress or overreaching [citations omitted], or when found to be unconscionable" (*Cantamessa v Cantamessa,* 170 AD2d 792, 793). Defendant's conclusory statements that the stipulation in this matter was not fair and reasonable at the time of its making or is unconscionable do not provide a basis to set it aside (*see, Robinson v Robinson,* 111 AD2d 316, 317, *appeal dismissed* 66 NY2d 613, *mot to vacate denied* 66 NY2d 855, *rearg denied* 67 NY2d 647). Because stipulations in marital actions are more closely scrutinized than other contracts, however, whether the stipulation is fair and reasonable or unconscionable is an issue upon which the court may take proof (*see, Sheridan v Sheridan, supra,* at 751). Consequently, summary disposition is inappropriate. We therefore modify the order by denying defendant's cross motion, and we remit the matter to Supreme Court for further proceedings consistent with this decision (*see, Sheridan v Sheridan, supra,* at 751). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Vacate Stipulation.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.