■ PATRICK N. DWYER, Appellant, v AMAILIA E. DE LA TORRE, Respondent. [675 NYS2d 412] —Spain, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered October 1, 1997 in Otsego County, which, *sua sponte*, modified the parties open-court stipulation regarding visitation and counseling.

Plaintiff and defendant were married in 1979 and are the parents of three children born 1980, 1981 and 1984. In March 1995, plaintiff commenced this action for divorce and, in August 1997, the matter came before Supreme Court for trial. Following a conference, the parties entered into an open-court stipulation and executed an opting-out agreement which covered, among other things, custody and visitation. The stipulation was read into the record, approved by the children's Law Guardian and accepted by Supreme Court. Thereafter, the court received a letter from one of the children expressing his unhappiness about, *inter alia*, the stipulated visitation schedule with plaintiff and asking Supreme Court to "straighten this out". The court scheduled a meeting in chambers with the child to which the parents' attorneys and the Law Guardian were invited. Plaintiff's attorney objected to the meeting and did not attend. The Law Guardian, because of the short notice, was unable to attend but reminded the court that he was the child's attorney. At the close of the in camera interview, attended only by Supreme Court and the child, the court issued an order, *sua sponte*, modifying the stipulated settlement by, among other things, curtailing plaintiff's visitation. Plaintiff appeals.*

Finding merit in plaintiff's contention that Supreme Court acted in excess of its authority when it, *sua sponte*, modified the parties open-court stipulation, we now vacate the order. "[I]t is firmly established that open-court stipulations of settle-

---

* Neither the Law Guardian nor defendant oppose plaintiff's requested relief, namely, the vacatur of Supreme Court's *sua sponte* order.

ment made by parties who are represented by counsel will not be cast aside lightly" (*Sheridan v Sheridan*, 202 AD2d 749, 751; *see, Vermilyea v Vermilyea*, 224 AD2d 759, 760; *Brender v Brender*, 199 AD2d 665, 666; *Matter of Flournoy v Porter*, 188 AD2d 465, 466; *Washo v Washo*, 170 AD2d 827, 828). Moreover, such agreements will be set aside only " 'upon the demonstration of good cause, such as mistake, fraud, duress or overreaching' " (*Brender v Brender, supra*, at 666, quoting *Cantamessa v Cantamessa*, 170 AD2d 792, 793; *see, Washo v Washo, supra*). Here, the procedures followed in placing the stipulation of the parties and the Law Guardian on the record met all of the requirements of Domestic Relations Law § 236 (B) (3), rendering the stipulation binding and enforceable (*cf., Lischynsky v Lischynsky*, 95 AD2d 111). Furthermore, sufficient cause has not been demonstrated in the record to support the court's *sua sponte* action.

In our view, Supreme Court erred in proceeding to interview the child without the presence of the Law Guardian, who is the child's attorney (*see, Matter of Church v Church*, 238 AD2d 677, 678; *Matter of Miller v Miller*, 220 AD2d 133, 135). Moreover, under the facts of this case, we believe that the concerns of the child were not out of the ordinary and, therefore, should have been first referred to the Law Guardian or a new Law Guardian, if warranted.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs.