■ ANTOINETTE N. CARLSON, Appellant, v STEPHAN R. CARLSON, Respondent. [680 NYS2d 362] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff appeals from certain parts of a judgment of divorce entered February 21, 1997. The judgment incorporated a separation agreement entered into by the parties in July 1995. The agreement was made approximately 15 months after plaintiff commenced the action for divorce based upon the ground of cruel and inhuman treatment. Insofar as is relevant here, plaintiff expressly waived any interest in defendant's enhanced earnings as a result of the degree or degrees that defendant earned during the marriage in consideration of promises made by defendant in the agreement.

In February 1996 plaintiff retained new counsel, who made and then withdrew a motion on plaintiff's behalf in October of that year to set aside the agreement. Even though his answer had apparently been withdrawn, defendant cross-moved for summary judgment, requesting the court to grant a judgment of divorce to plaintiff incorporating the agreement. Plaintiff opposed the cross motion and asserted that issues of fact exist whether the agreement was unfair when made and was then unconscionable because of her waiver of any interest in defendant's enhanced earnings. Plaintiff requested that the agreement be set aside but she also expressed her desire that the action be concluded and that the court grant her a divorce.

Supreme Court properly granted defendant's cross motion and entered a judgment of divorce. Even if we assume that plaintiff's request to set aside the agreement is properly before us (*see, e.g., Sippel v Sippel,* 241 AD2d 929), we conclude that plaintiff's conclusory statements are insufficient to entitle plaintiff to that relief, or even to require a hearing on the issue (*cf., Sippel v Sippel, supra*). It cannot be said that the agreement is one that " ' "no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" ' " (*Christian v Christian,* 42 NY2d 63, 71, quoting *Hume v United States,* 132 US 406, 411). In fact, it is the "type of agreement that a party

might fashion in order to achieve a quick and amicable divorce" (*Skotnicki v Skotnicki,* 237 AD2d 974, 975).

Furthermore, plaintiff ratified the agreement by complying with its terms and raising no objections for 14 months (*see, Skotnicki v Skotnicki, supra,* at 975). (Appeal from Judgment of Supreme Court, Monroe County, Siracuse, J.—Divorce.) Present—Pine, J. P., Hayes, Wisner, Balio and Boehm, JJ.