■ JOANN TURK, Appellant, v ABRAHAM A. TURK, Also Known as BUCKY TURK, Respondent. [714 NYS2d 566] —Mugglin, J. Appeal from an amended order of the Supreme Court (Bradley, J.), entered October 8, 1999 in Ulster County, which, *inter alia*, denied plaintiff's cross motion to set aside a stipulation of settlement between the parties.

The 1976 marriage of the parties was terminated in 1998 when plaintiff was granted a divorce on the ground of cruel and inhuman treatment. Incorporated into the judgment of divorce was a stipulation of settlement resolving all issues surrounding equitable distribution. As a result of the settlement agreement, defendant agreed to pay to plaintiff $25,000 within seven days of the granting of the divorce decree, $375,000 in the form of a qualified domestic relations order, $400,000 in cash payable to plaintiff and her attorneys, and $50,000 in annual lifetime maintenance, taxable to plaintiff. The parties further agreed that plaintiff would vacate the marital residence, deed to defendant her interest in a Florida condominium and pay her own medical insurance beginning on January 1, 1999. Following entry of the judgment of divorce, defendant sought an order seeking to compel plaintiff to affirm the stipulation of settlement resolving the divorce proceeding since plaintiff threatened to seek vacatur of the stipulation of settlement. Plaintiff cross-moved to vacate those provisions of the stipulation of settlement and judgment of divorce which resolved the economic issues between the parties, claiming first that it was unconscionable, and second, that she was not capable of consenting thereto in view of her existing medical condition. As a collateral matter, plaintiff's attorney petitioned for a charging lien against plaintiff's share of equitable distribution in the sum of $400,000, as and for agreed counsel fees. Supreme Court denied plaintiff's cross motion rendering defendant's motion ac-

ademic.* Plaintiff now appeals from the denial of her cross motion seeking vacatur of the economic provisions of the judgment and stipulation of settlement.

We affirm. An agreement resolving issues of equitable distribution may be set aside as unconscionable if it manifests unfairness suggesting that the distribution of assets is " 'such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other' (*Hume v United States*, 132 US 406, 411), the inequality being 'so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense' (*Mandel v Liebman*, 303 NY 88, 94)" (*Christian v Christian*, 42 NY2d 63, 71 [internal quotations omitted]). Further, it is well settled that stipulations of settlement made in open court by parties represented by counsel after engaging in extensive negotiation with full knowledge of the assets to be distributed will not lightly be set aside (*see, Cantamessa v Cantamessa*, 170 AD2d 792).

Here, our review of the record fails to reveal any significant indicia of unconscionability. On the contrary, the record establishes that plaintiff's attorneys conducted extensive pretrial discovery in an unsuccessful effort to substantiate plaintiff's claims with respect to the marital assets and the standard of living to which she asserted she had become accustomed during the years of the marriage. In the absence of any evidence that the economic circumstances of the parties was substantially different from that revealed by discovery and presented during the two days of trial, there is no basis upon which to conclude that the stipulation was unconscionable.

Next, we are not convinced that plaintiff lacked the requisite mental capacity to enter into the stipulation of settlement. In this regard, we note that in 1985, plaintiff suffered a serious head injury which left her permanently disabled resulting in a diminished capacity to process information. However, the record is devoid of evidence to substantiate plaintiff's claim that she lacked a sufficient period of time in which to process the relevant material developed through discovery and presented to her by her attorneys and the advice given to her by her attorneys with respect to the proposed settlement. Moreover, given the disability of plaintiff, we are satisfied that the Referee engaged in a sufficient colloquy with plaintiff regarding her understanding of the nature and terms of the proposed stipulation of settlement prior to allowing plaintiff to acquiesce

---

* The attorney's petition was held in abeyance and the fee dispute referred to arbitration.

therein and appropriately concluded therefrom that plaintiff possessed the requisite mental capacity to understand and accept the proposed terms of settlement. A stipulation of settlement will not be vacated simply because a party, after the fact, believes that the agreement was improvident in some respect or that it constituted simply a bad bargain (*see, Vermilyea v Vermilyea*, 224 AD2d 759; *Clermont v Clermont*, 198 AD2d 631, 632, *lv dismissed* 83 NY2d 953; *Washo v Washo*, 170 AD2d 827, 829).

As a final matter, we find no error arising from Supreme Court's failure to hold an evidentiary hearing with respect to plaintiff's cross motion. Supreme Court correctly determined that the evidence presented by plaintiff in her moving papers was insufficient to create a genuine issue of fact which should be resolved at an evidentiary hearing (*see, Cantamessa v Cantamessa, supra*, at 794). Plaintiff's allegation in connection with the issue of medical insurance is conjecture, the record lacking any probative evidence in support thereof. Accordingly, although the record exhibits some comment on plaintiff's part concerning the issue of medical insurance, this alone does not evidence such a diminished mental capacity to vitiate the stipulation of settlement.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the amended order is affirmed, without costs.

