■ AUDREY MANES, Respondent-Appellant, v MORTON MANES, Appellant-Respondent, and AMES D. RESSA, Respondent. [717 NYS2d 185] —In an action, *inter alia*, to recover damages for fraud, breach of fiduciary duty, and legal malpractice, the defendant Morton Manes appeals (1) from a decision of the Supreme Court, Nassau County (Joseph, J.), dated March 19, 1999, and (2), as limited by his brief, from so much of an amended judgment of the same court, entered July 2, 1999, as is in favor of the plaintiff and against him in the principal sum of $544,970 and awarded prejudgment interest at the statutory rate, and the plaintiff cross-appeals (1) from the decision dated March 19, 1999, and (2), as limited by her brief and on the ground of inadequacy, from so much of the amended judgment as is in favor of her and against the defendant Morton Manes in the principal sum of only $544,970, and in favor of her and against the defendant Ames D. Ressa, in the principal sum of only $136,243, and failed to award her punitive damages.

Ordered that the appeal and cross appeal from the decision

are dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the appeal is dismissed as academic in light of our determination of the cross appeal; and it is further,

Ordered that on the cross appeal the amended judgment is reversed, on the law and as a matter of discretion, and a new trial is granted in accordance herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff Audrey Manes (hereinafter the plaintiff) and the defendant. Morton Manes (hereinafter Manes) were separated in January 1987 after 31 years of marriage. During the marriage, Manes and plaintiff started, inter alia, two corporations. Manes owned 60% and the plaintiff owned 40% of the shares of each corporation. Approximately six months before the parties separated, Manes forged the plaintiff's signature on certain documents so that he could sell three commercial properties owned by one corporation, without the plaintiff's knowledge or consent. The parties' longstanding business attorney, the defendant Ames D. Ressa (hereinafter Ressa), was a party to these fraudulent acts, as he notarized the plaintiff's forged signatures and purchased one of the properties.

On January 29, 1987, less than a month after separating, the parties, who were jointly represented by Ressa for purposes of ending their marriage, executed a separation agreement that provided for the distribution of marital assets. In January 1990 Manes obtained a conversion divorce. The separation agreement was incorporated but did not merge in the judgment of divorce.

Having discovered the defendants' actions, the plaintiff commenced this action on or about November 25, 1991, inter alia, to recover damages for fraud, breach of fiduciary duty, and legal malpractice. She claimed, among other things, that the defendants engaged in a common scheme or plan to defraud her of her equitable share of the marital property and spousal support. After a 15-day trial, the Supreme Court found that the defendants had committed fraud against the plaintiff and breached their fiduciary duty to her. The Supreme Court further found that Ressa committed legal malpractice in his representation of the plaintiff in the marital action. However, the Supreme Court limited the plaintiff's damages to those sustained by her in her corporate capacity only as a result of the defendants' fraudulent conveyances of corporate assets. The Supreme Court did not award damages to the plaintiff in connection with the parties' division of the marital estate. The

Supreme Court determined that "[a]lthough their misrepresentations and fraud appear to have injured Plaintiff in her acceptance of the [separation] Agreement for a lesser share of the marital estate than she might have received * * * that fraud did not vitiate the Agreement sufficiently to require either its rescission or vacatur of the divorce judgment since the Agreement does not appear to be unconscionable." These appeals ensued.

"In view of the fiduciary relationship existing between spouses, separation agreements are more closely scrutinized by courts than ordinary contracts and may be set aside 'upon the demonstration of good cause, such as mistake, fraud, duress or overreaching * * * or when found to be unconscionable' " (*Sheridan v Sheridan,* 202 AD2d 749, 751, quoting *Cantamessa v Cantamessa,* 170 AD2d 792, 793; *see, Christian v Christian,* 42 NY2d 63). Here, the Supreme Court's findings of fraud, breach of fiduciary duty, and malpractice are supported by the record. While the agreement may not have been unconscionable, it clearly was not fair on its face, as Manes retained the vast majority of the marital assets, including the proceeds from the fraudulent conveyances and other assets omitted from the agreement.

Neither the plaintiff nor Manes wishes to vacate the portions of the agreement that dissolved their marriage; the plaintiff sought the divorce in the first instance and Manes has since remarried. A separation agreement may be a basis for a conversion divorce notwithstanding that certain portions of the agreement are found to be unenforceable (*see, Angeloff v Angeloff,* 56 NY2d 982; *Christian v Christian, supra; Howard v Howard,* 134 AD2d 571, 572). Under the circumstances herein, while we agree that the defendants' fraudulent acts warrant vacatur of the economic provisions of the agreement, it is not necessary to vacate the judgment of divorce (*see generally, Angeloff v Angeloff, supra; Sheridan v Sheridan, supra,* at 752; *Howard v Howard, supra*). A new trial must be held with regard to equitable distribution and damages.

Although we grant the plaintiff a new trial, several other errors occurred that warrant comment so as to preclude repetition.

The Supreme Court improvidently exercised its discretion in granting the defendants' motion to preclude the plaintiff's experts from testifying at trial. There was no proof that the plaintiff intentionally or wilfully failed to provide disclosure pursuant to CPLR 3101 (d). In addition, it appears that the defendants were aware that the plaintiff intended to use expert

testimony and, given the time which lapsed before trial, there was no prejudice or surprise to the defendants (see, *Fuoco v County of Nassau,* 223 AD2d 668; *Peck v Tire Iron Transp.,* 209 AD2d 979). Accordingly, and assuming that proper disclosure is provided, the plaintiff is not to be precluded from offering expert valuation testimony at the retrial.

The Supreme Court also erred in limiting each defendant's liability to their respective share of the damages. Since the defendants acted either jointly or in concert in defrauding the plaintiff of her corporate assets and her equitable share of marital assets, and Ressa's legal malpractice is incapable of reasonable or practical division, they are jointly and severally liable for her damages (see, *Ravo v Rogatnick,* 70 NY2d 305, 309).

We agree with Manes that since the plaintiff did not assert any cause of action in her capacity as a corporate shareholder, she was not entitled to damages in that capacity. The plaintiff's damages, however, are not necessarily limited as a result, since the corporate holdings were also marital assets subject to equitable distribution. Indeed, an appropriate determination of the damages sustained by the plaintiff as a result of the defendants' fraudulent acts can be made only following full disclosure and valuation of all marital assets potentially subject to equitable distribution.

The parties' remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Thompson, S. Miller and Feuerstein, JJ., concur.