■ JODI SAMORAJ et al., Appellants, v RICHARD WALDMAN, M.D., et al., Respondents, et al., Defendant. [744 NYS2d 751] —Appeal from that part of a judgment of Supreme Court, Onondaga County (Nicholson, J.), entered June 6, 2001, that dismissed part of the 17th cause of action against defendants Richard Waldman, M.D. and Douglass N. Powell, M.D.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed without costs for reasons stated at Supreme Court, Onondaga County, Nicholson, J.

All concur except Hayes, J., who dissents and votes to reverse in the following memorandum.

Hayes, J. (dissenting). I respectfully dissent and would reverse the judgment insofar as appealed from and grant a new trial on the issue of the negligence of Richard Waldman, M.D. and Douglass N. Powell, M.D. (defendants) in the allegedly unnecessary removal of the ovaries of Jodi Samoraj (plaintiff). Less than two weeks before trial, plaintiffs served a second supplemental expert witness disclosure stating that their expert would testify that defendants performed unnecessary surgery by removing plaintiff's healthy ovaries without plaintiff's consent and beyond the scope of the consent to surgery given by plaintiff. In my view, Supreme Court abused its discretion in granting defendants' application to strike the second supplemental expert witness disclosure. The court thereby erred in precluding plaintiffs' expert witness from testifying concerning that alleged act of negligence, particularly where, as here, the court could have offered defendants a continuance rather than imposing the harsh remedy of preclusion. Preclusion is an inappropriate remedy where the failure to serve timely notice is neither willful nor prejudicial (*see Gallo v Linkow*, 255 AD2d 113, 116-117; *see also Peck v Tired Iron Transp.*, 209 AD2d 979, 979). In the complaint, plaintiffs alleged that defendants were negligent in that they "performed

unnecessary surgery * * * and with neither permission nor informed consent unnecessarily removed [plaintiff's] ovaries." In the verified bill of particulars, plaintiffs again alleged that defendants were negligent in that they "performed unnecessary surgery." There is no showing that the late disclosure was willful or intentional, and there was no prejudice to defendants because they were aware of the allegation concerning the unnecessary removal of plaintiff's ovaries (*see Silverberg v Community Gen. Hosp. of Sullivan County*, 290 AD2d 788, 788-789; *Shopsin v Siben & Siben*, 289 AD2d 220, 221; *Manes v Manes*, 277 AD2d 359, 361-362, *appeal dismissed* 96 NY2d 790). Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.