■ ROZALIA JUHASZ et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered February 10, 1975, granting defendant's motion for reargument and, upon reargument, adhering to the original decision vacating a stipulation of settlement, unanimously reversed, on the law and in the exercise of discretion, and the stipulation of settlement reinstated. Appeal from the order, Supreme Court, New York County, entered January 8, 1975, vacating the settlement and restoring the case to the calendar for trial, unanimously dismissed as academic. Appellant shall recover of respondents one bill of $40 costs and disbursements covering these appeals. Rozalia Juhasz was injured while riding as a passenger in a New York City Transit Authority bus. The bus was hit in the rear by a car driven by the defendant Dean. After a trial, on the issue of liability only, both defendants were found culpable. Defendant Dean settled the claim against him for $24,000 and was released from further liability. A jury trial was then commenced to assess the balance of the damage to plaintiffs. Plaintiff Rozalia Juhasz testified through a Hungarian interpreter. The testimony elicited was quite unexpected and somewhat unfavorable to plaintiff's position. A settlement in the amount of $45,000 was then agreed upon. The settlement itself was recorded stenographically in open court. The transcript reveals that both Rozalia Juhasz and her husband voluntarily and knowingly approved the offer of settlement and accepted it as a satisfactory resolution of their claims against the remaining defendant, the New York City Transit Authority. The court at Special Term recalled no instance of pressure by counsel upon plaintiffs to settle the action. It is an improvident exercise of discretion to

vacate a settlement agreed upon among the parties when, as in the case at bar, allegations of duress are not in any way substantiated by the record (*Matter of Hecht*, 24 AD2d 1001) and when the stipulation itself is "definite and complete" (*Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 10; cf. *Matter of Galasso*, 35 NY2d 319, 321). Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Lane, JJ.