◼ JILL SHULER et al., Appellants, v LARRY DUPREE et al., Respondents. [789 NYS2d 197]—

In an action, inter alia, to recover damages for constructive eviction, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 27, 2003, which denied their motion to vacate a stipulation of settlement dated July 18, 2002.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the motion to vacate the stipulation of settlement. "[A]n open-court stipulation is an independent contract between the parties (see, McWade v McWade, 253 AD2d 798), and will be enforced according to its

terms unless there is proof of fraud, duress, overreaching, or unconscionability" (*Jablonski v Jablonski,* 275 AD2d 692, 693 [2000]). General contentions that a party felt pressured by the court are insufficient to establish such a claim (*see Cavalli v Cavalli,* 226 AD2d 666, 667 [1996]; *Sontag v Sontag,* 114 AD2d 892, 894 [1985]). "[E]ven a stipulation which was improvident will not be set aside unless it is manifestly unfair or unconscionable" (*Cavalli v Cavalli, supra* at 667; *see Wilutis v Wilutis,* 184 AD2d 639, 640 [1992]). Here, the plaintiffs' only allegation of duress was made in an affidavit submitted by the plaintiffs in support of their subsequent motion for leave to reargue which they eventually withdrew. Since the affidavit was never before the Supreme Court with respect to the motion to vacate the stipulation of settlement, it is dehors the record and has not been considered on this appeal (*see* CPLR 5526; *Constantine v Premier Cab Corp.,* 295 AD2d 303, 304 [2002]; *Penta v Related Cos.,* 286 AD2d 674, 675 [2001]; *cf. Boyar v Goodman,* 202 AD2d 541, 542 [1994]).

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.