■ JHON J. VARGAS, Respondent, v RENEE M. MARQUIS et al., Appellants. [885 NYS2d 747]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated February 3, 2009, which denied their motion to vacate a judgment of the same court entered January 5, 2009, in favor of the plaintiff and against them in the principal sum of $135,000.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the judgment entered January 5, 2009, is vacated.

In this action, the plaintiff successfully moved for summary judgment on the issue of liability in August 2006. Prior to submission of the damages issue to a jury, the parties entered into a "high-low" stipulation on the record, the parameters of which were $275,000 and $25,000. The jury awarded the plaintiff damages in the sum of $135,000, which was within the parameters. Thereafter, the plaintiff presented a judgment to the Clerk of the Court in the principal sum of the verdict, plus pre-verdict interest in the sum of $28,895.72, and costs and disbursements in the sum of $2,521.57. The total sum of the judgment was $166,417.29. The defendants sent a letter to the Clerk opposing entry of the proposed judgment wherein they argued, inter alia, in effect, that pursuant to the terms of the parties' high-low stipulation, the plaintiff waived a judgment and was obligated to provide a stipulation of discontinuance and general release. The Clerk entered the judgment submitted by the plaintiff. The defendants then moved to vacate the judgment, essentially repeating the arguments they had made before

the Clerk. The plaintiff opposed the motion, and the Supreme Court denied it. We reverse.

As we recently observed in *Cunha v Shapiro* (42 AD3d 95 [2007]), "[p]arties entering into high-low agreements are free to craft the terms of their agreements on the record in any manner that is mutually acceptable to them" (*id.* at 104). In this case, the stipulation read into the record by defense counsel, to which the plaintiff's counsel "agreed," was as follows: "At the conclusion of the case, regardless of what the verdict is, plaintiff's counsel will give a stipulation of discontinuance and general release. If the number were zero, we'll still pay you 25 thousand dollars pursuant to that agreement. If the number is over 275 thousand, well, the release would be for 275 thousand dollars. And obviously, if the number is somewhere in between, it will be for whatever that number was."

Under the particular circumstances of this case, we agree with the defendants that pursuant to the terms of the high-low stipulation at issue, the plaintiff's counsel was obligated to furnish a stipulation of discontinuance and general release—*not* to submit a judgment containing a substantial amount of interest and costs—"regardless of what the verdict is" and for "whatever [the] number was." Since there was no showing that the high-low stipulation was the product of fraud, duress, overreaching, or unconscionability, its terms must stand (*see Shuler v Dupree*, 14 AD3d 548, 548-549 [2005]).

Accordingly, the plaintiff's entry of a judgment was improper, and the Supreme Court should have granted the defendants' motion to vacate it. Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.