09-5124-cv
Duran v. J.C. Finishing Contracting Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of April, two thousand eleven.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges.*

———————————————————————————————

Timothy C. Duran,

> *Plaintiff-Counter-Defendant-Appellant*,

    v.                                                    No. 09-5124-cv

J.C. Refinishing Contracting Corp.,

> *Defendant-Counter-Claimant-Counter-Defendant-Appellee*,

Tylman R. Moon & Associates, P.A.,

> *Defendant-Counter-Claimant-Appellee*,

Harvey Electronics, Inc., doing business as Harvey Home Electronics,

> *Defendant-Appellee.*

———————————————————————————————

**FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLANT**:     Timothy C. Duran, *pro se*, San Jose, CA.

**FOR DEFENDANT-COUNTER-CLAIMANT-COUNTER-DEFENDANT-APPELLEE AND DEFENDANT-COUNTER-CLAIMANT-APPELLEE:**     Kevin John Kiley, Kiley, Kiley, & Kiley, PLLC , Great Neck, NY.

Appeal from September 30 and October 29, 2009, orders of the United States District Court for the Southern District of New York (Colleen McMahon, *District Judge*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the orders of the district court be **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant Timothy C. Duran, *pro se*, appeals from a September 30, 2009 order denying Duran's motion to set aside a settlement agreement, and an October 29, 2009 order confirming the terms of the settlement and dismissing the action.  Before this Court, Duran claims principally that the district court should have vacated the parties' settlement agreement—an agreement he concedes he orally agreed to in open court, Appellant's Reply Br. at 4—because the agreement was the product of duress and fraudulent inducement.  Duran also seeks to strike aspects of the appellees' appendix from the appellate record.[1]  We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

---

[1] Duran's filings can also be read to challenge a number of specific discovery rulings, the district court's denial of several motions for reconsideration, the district court's failure to grant leave to file a second amended complaint, and myriad instances of alleged professional misconduct by counsel for defendants.  None of these issues, however, are contained in Duran's Notice of Appeal which focuses exclusively on "the 'Decision and Order Denying Plaintiff's Motion to Set Aside the Settlement entered in this action on September 29, 2009 as well as Judge McMahon's Settlement Order dated October 29, 2009.'"  Accordingly, they are not properly before us and we may not and do not consider them further. *See* Fed. R. App. P. 3(c) ("[T]he notice of appeal must . . . designate the judgment, order or part thereof being appealed."); *New Phone Co. v. City of N.Y.*, 498 F.3d 127, 130 (2d Cir. 2007) (Fed. R. App. P. 3 is jurisdictional in nature and therefore "we do not have the authority to waive the jurisdictional requirements of this rule").

2

We review the district court's denial of a motion to vacate a settlement agreement for abuse of discretion. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). A district court has the power to enforce a settlement agreement reached in a case pending before it where there was a "voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record." *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir. 2005). To be valid and thus enforceable, such an agreement need not be in writing. *Id.* ("[A] voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed."). Moreover, one party's "change of heart" after the terms of the settlement agreement are stated on the record and agreed to in open court is, itself, insufficient to invalidate the agreement. *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007).

As noted, Duran wisely does not dispute that an unqualified stipulation of dismissal was placed on the record and agreed to by all parties in open court and thus that a settlement agreement was reached. Instead, he contends that agreement should have been invalidated or modified after the fact because his acceptance of that agreement (1) was offered under duress, and (2) was fraudulently induced by defendants. Because a settlement agreement is a contract that is interpreted according to general principles of contract law, *see Collins v. Harrison-Bode,* 303 F.3d 429, 433 (2d Cir. 2002), under New York law, a court may vacate a settlement in cases of fraud, collusion, mistake, or duress, *see Jimenez v. Brenilee Corp.*, 852 N.Y.S. 2d 94, 95 (1st Dep't 2008). Here, however, no such fraud, collusion, mistake, or duress exists.

With respect to duress, Duran contends that he was pressured to settle by the district court and magistrate judge to whom the case had been referred, whose unfavorable rulings left him unable

3

to proceed.  The argument, which is not substantiated by the record, would be insufficient even if credited to establish a claim of duress.  *See, e.g., Shuler v. Dupree*, 14 A.D. 3d 548, 549 (2d Dep't 2005) ("General contentions that a party felt pressured by the court are insufficient to establish [claims of duress or fraud]."); *Juhasz v. New York City Transit Auth.*, 49 A.D.2d 730, 730-31 (1st Dep't 1975) (same).

Alternatively, Duran contends that the otherwise binding settlement agreement should be invalidated because his acceptance of its terms was mistaken and fraudulently induced.  Specifically, he contends that he was somehow misled about the scope of the release he would sign as a condition of the settlement because, according to Duran, he never intended to waive his right to pursue anything but the specific claims raised in the complaint against the corporate defendant.  The claim is without merit.  Review of the transcript below makes clear that Duran agreed to "execute *general releases* on a standard Bloomb[u]rg form to all defendants *and to the individuals* John Costello, John Stoltz, John Neidermeyer and Tylman Moon."  Duran contends on appeal that the term "Bloomburg form" was confusing and misleading.  However, Duran, whom the district court described as "the best prepared *pro se* I've ever seen" and further described as knowing "more about litigation than one lawyer I saw today," never made any mention on the record of his purported confusion about the waiver clause, despite asking numerous questions about other provisions of the agreement.  Indeed, the district court only accepted the settlement after reiterating that "you don't have to do this, you have a right to go to trial" and obtaining from Duran his assurance that "I am making this [agreement] of my own free will" and that "I *understand what I am doing*, your honor."

On this record, thus, we have no doubt that a mutual agreement to be bound existed and that a valid, enforceable agreement was reached.  *Cf. Powell*, 497 F.3d at 128 ("When a party makes a

4

deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect.") We therefore discern no abuse of discretion in the district court's rejection of Duran's motion to set aside this valid, enforceable settlement agreement.

Finally, we grant in part and deny in part Duran's motion to strike portions of the Appellees' appendix. Specifically, we grant the motion insofar as it seeks to strike pages AA 27-33 which, while plainly before the district court, do not appear to have ever formally been made part of the record below. *Cf.* Fed. R. App. P. 10(e) ("If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by *that court . . . .*") (emphasis added). However, we deny the motion insofar as it seeks to strike pages AA 19-24 because they were properly filed with the district court and are thus a part of the record on appeal.

To the extent Duran raises other issues or arguments on appeal, we have considered them and reject them as meritless. Accordingly, and for the reasons stated above, the orders of the district court are AFFIRMED, and the motion to strike is GRANTED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5