Lenge v Eklecco Newco, LLC (2019 NY Slip Op 03582)





Lenge v Eklecco Newco, LLC


2019 NY Slip Op 03582


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-02246
 (Index No. 13489/10)

[*1]John Lenge, et al., plaintiffs-respondents, 
v
Eklecco Newco, LLC, et al., defendants, Cahill Construction Company, defendant third-party plaintiff; Anzek Construction Corp., third-party defendant-appellant.


Burke, Scolamiero & Hurd, LLP, Albany, NY (Judith B. Aumand of counsel), for third-party defendant-appellant.
Finkelstein & Partners, LLP, Newburgh, NY (Lawrence D. Lissauer of counsel), for plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated December 18, 2017. The order, insofar as appealed from, denied that branch of its motion which was pursuant to CPLR 2104 to enforce a stipulation of settlement.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the third-party defendant's motion which was pursuant to CPLR 2104 to enforce the stipulation of settlement is granted.
The plaintiff John Lenge (hereinafter the plaintiff) allegedly was injured while working on a construction project at the Palisades Mall when he tripped and fell over a pallet at or near the service entrance on the second floor. At the time of the accident, the plaintiff was employed by Anzek Construction Corp. (hereinafter Anzek).
The plaintiff, and his wife suing derivatively, commenced this action against Eklecco Newco, LLC (hereinafter Eklecco Newco), Pyramid Companies, American Eagle Outfitters, Inc., and Cahill Construction Company to recover damages for personal injuries, asserting causes of action alleging a violation of Labor Law § 241(6) and common-law negligence. Thereafter, Cahill Construction Company commenced a third-party action against Anzek.
Prior to jury selection, on the first day of trial, the plaintiffs' counsel stated on the record in open court that the parties agreed "to fully and completely settle the matter" for the sum of $325,000. Defense counsel then indicated on the record that the stipulation of settlement was agreed upon, and stated the sum that each defendant would contribute toward the total settlement amount. Additional terms of the settlement were then placed on the record with all parties and their respective attorneys participating. Notably, the plaintiffs' counsel and the plaintiffs all acknowledged on the record the possibility of establishing a Medicare set-aside, and the plaintiffs confirmed that they would "take care of the issues with regard to Medicare should they exist." The plaintiffs' counsel also acknowledged on the record the existence of a workers' compensation lien. [*2]Subsequent thereto, the plaintiffs' counsel sent a letter to the Supreme Court and all counsel, stating that the stipulation of settlement was "null and void" on the ground that the plaintiffs had "not received an agreed upon workman's compensation written consent."
Anzek moved, inter alia, pursuant to CPLR 2104 to enforce the stipulation of settlement. Eklecco Newco and Pyramid Companies joined Anzek's motion, and Cahill Construction Company and American Eagle Outfitters, Inc., "cross-moved" for the same relief. The plaintiffs cross-moved, inter alia, for an "order seeking nunc pro tunc approval of a purported settlement agreement' pursuant to § 29 of the [Workers' Compensation] Law." In an order dated December 18, 2017, the Supreme Court denied the motion and the cross motions, concluding that "no binding settlement was ever reached." Anzek appeals from so much of the order as denied that branch of its motion which was to enforce the stipulation of settlement.
The Supreme Court should have granted that branch of Anzek's motion which was to enforce the stipulation of settlement. " [A]n open-court stipulation is an independent contract between the parties . . . and will be enforced according to its terms unless there is proof or fraud, duress, overreaching, or unconscionability'" (Chan v Barry, 36 AD3d 579, 579, quoting Jablonski v Jablonski, 275 AD2d 692, 693). " [E]ven a stipulation which was improvident will not be set aside unless it is manifestly unfair or unconsconiable'" (Shuler v Dupree, 14 AD3d 548, 549, quoting Cavalli v Cavalli, 226 AD2d 666, 667). The plaintiffs failed to show that the stipulation of settlement was the product of fraud, collusion, mistake, or accident (see DeBlasi v City of New York, 157 AD3d 656; Rivera v State of New York, 115 AD2d 431). The fact that the plaintiffs are unsatisfied with the amount they will receive after payment of the workers' compensation lien and the establishment of a Medicare set-aside does not constitute a sufficient ground to invalidate the settlement.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court