18-2009 (L)
Jericho Group Ltd. v. Mid-Town Development Limited Partnership

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

**Jericho Group Ltd,**

> *Plaintiff-Appellant*,

**Samuel Pfeiffer,**

> *Interested Party-Appellant*,

**Jericho Co.,**

> *Plaintiff*,

v.                                                              18-2009 (L);
                                                                18-3198 (Con)[1]

**Mid-Town Development Limited Partnership,**
**Edward G. Imperatore, Maurice L. Stone,**
**Edward W. Ross, Arthur E. Imperatore, Michael**
**A. Szegda, Baystone Equities, Inc., Robert B.**

---

[1] The Lead appeal, 18-2009, was closed by an order issued on December 20, 2018.

**Goebel, John Doe, 1-10, XYZ Corporation, 1-10, Midtown Development L.P,**

*Defendants-Appellees*,

**George Berger, Jeffrey Shore, Philips Nizer LLP, Fredrick E. Sherman, Todd R. Geremia, Jones Day, Lisa Solomon, WR West Side Associates, Hadrian Properties Ltd., Fanfare Enterprise Inc., Arcorp Properties Inc., Jerrart Venture Properties, Harwood Lloyd LLC, Brown Harris Stevens Commercial Services, L.L.C., Elaine O. Emmet, Richard Marasse,**

*Defendants*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Igor Meystelman, IM Law Group P.C., Cedarhurst, NY. |
| **FOR INTERESTED PARTY-APPELLANT:** | Samuel Pfeiffer, *pro se*, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLEE ROBERT B. GOEBEL:** | Lisa M. Solomon, Law Offices of Lisa M. Solomon, New York, NY. |

Appeal from orders of the United States District Court for the Eastern District of New York (Irizarry, *J.*; Scanlon, *Mag. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED** and the pending motions are **DENIED**.

Appellant Jericho Group Ltd. and Interested Party-Appellant Samuel Pfeiffer (Jericho's principal, who is proceeding *pro se*) appeal the district court's orders enforcing a settlement agreement and denying reconsideration of that enforcement order. The district court dismissed

the underlying action and entered judgment in 2015. The district court also held that Jericho was liable to Defendant-Appellee Robert B. Goebel for attorneys' fees and referred the issue to a magistrate judge. In 2016, Jericho, Pfeiffer, and Goebel settled the attorneys' fees issue on the record before the magistrate judge, providing, *inter alia*, for Jericho's and Pfeiffer's joint and several liability, an agreement to pay Goebel $200,000 in attorneys' fees, and penalties if they failed to meet payment deadlines. The oral agreement also included a provision that Chana Pfeiffer (Samuel Pfeiffer's wife) would guarantee the amounts in the agreement (the "Guaranty Provision"). Jericho, Pfeiffer, and Goebel agreed to be bound by the oral agreement; however, they failed to memorialize the agreement in writing.

Goebel subsequently moved to enforce the oral agreement and submitted a proposed settlement order. Jericho and Pfeiffer each responded to the motion, objecting to some aspects of Goebel's proposed order (including the Guaranty Provision), and Jericho submitted its own proposed order, which, *inter alia*, eliminated the Guaranty Provision. Goebel replied and also submitted a proposed settlement order that eliminated the Guaranty Provision. Jericho then moved to file a sur-reply, arguing for the first time that the elimination of the Guaranty Provision rendered the entire oral agreement void because securing Chana Pfeiffer's signature was an essential term. The magistrate judge denied Jericho's motion to file a sur-reply and recommended granting Goebel's motion to enforce the oral agreement. The magistrate judge's proposed order was nearly identical to the proposed order that Jericho had initially submitted—before it reversed course and argued that the entire agreement was void. The district court adopted the report and recommendation ("R&R") and the magistrate judge's proposed order, and later denied Jericho's reconsideration motion.

3

On appeal, Pfeiffer has filed several *pro se* motions to strike all the briefs and other filings on appeal (various of those motions also seek sanctions, remand, and leave to file supplemental briefing); Goebel moves to strike one of Pfeiffer's *pro se* filings. Pfeiffer also moves to relieve Jericho's counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

## I. Motions

First, we deny Pfeiffer's motions to strike the notice of appeal, briefs, and filings, as well as Goebel's motion to strike Pfeiffer's motion to strike Goebel's brief (doc. 298). Court filings have a presumption of public access when they are relevant to the performance of the judicial function, and motions to strike are generally disfavored. *See Brown v. Maxwell*, 929 F.3d 41, 51–52 & n.42 (2d Cir. 2019). Notices of appeal, briefs, and motions are clearly "relevant to the performance of the judicial function[,]" and thus should not be stricken from the docket (particularly in the absence of any replacement briefs or notices of appeal). *See id.* at 52 (internal quotation marks omitted). We have already denied Pfeiffer's prior motion to strike the counseled briefs, in which he raised many of the same arguments, and we see no reason to reach a different result here. Indeed, neither Pfeiffer nor Goebel provides authority in support of his motion to strike filings in this Court.[2] Moreover, Pfeiffer was given leave in this Court to file a supplemental *pro se* brief, but he never took advantage of that opportunity. For this reason, we

---

[2] Pfeiffer cites to Fed. R. Civ. P. 59 and 60 in support of his motion to strike Goebel's brief, but those Rules concern vacating and voiding district court orders and judgments, not striking litigant filings.

4

also reject Pfeiffer's belated request—in a motion to strike filed several months after the briefs were due—for permission to file a supplemental *pro se* brief and for Jericho to file a reply brief.

Second, we deny Pfeiffer's motion to relieve Jericho's attorneys, because Jericho cannot proceed *pro se* on appeal. *See Berrios v. N.Y.C. Housing Auth.*, 564 F.3d 130, 132–33 (2d Cir. 2009).

Third, we reject Pfeiffer's request for sanctions against Goebel because Pfeiffer has failed to show that Goebel's filings in this Court—which Goebel filed in response to Pfeiffer's excessive filings—multiplied the proceedings and were made in bad faith. *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 948 F.2d 1338, 1345 (2d Cir. 1991) (holding that a court may order sanctions pursuant to its inherent powers where a party or attorney "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (internal quotation marks omitted)).

Finally, we deny as moot Pfeiffer's request for remand.

## II. Merits

As an initial matter, though the briefs raise several issues related to prior district court orders and the underlying action, we have jurisdiction over only (1) the 2017 order adopting the R&R and so ordering the settlement agreement, and (2) the 2018 order denying reconsideration of that order. *See Elliott v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (explaining that notices of appeal must designate the orders being appealed and that failure to do so deprives us of jurisdiction). Accordingly, we do not address any arguments concerning prior orders of the district court, including Jericho's and Pfeiffer's arguments concerning 2015 motions and orders.

5

In reviewing a district court's decision to enforce a settlement agreement, we review legal conclusions *de novo* and factual findings—including whether a settlement agreement existed and the parties assented to it—for clear error. *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007); *see also Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). An oral agreement is enforceable where the parties intended to be bound by it. *Powell*, 497 F.3d. at 129–30. We have ruled that a "settlement remains binding even if a party has a change of heart" after agreeing to the settlement in open court. *Id.* at 129. We have also upheld oral settlement agreements with *pro se* parties. *See, e.g.*, *Duran v. J.C. Refinishing Contracting Corp.*, 421 F. App'x 20, 21–22 (2d Cir. 2011).

We conclude that the district court properly adopted the magistrate judge's R&R. We reject Jericho's and Pfeiffer's belated arguments that the entire oral agreement is void, which were raised for the first time in Jericho's motion to file a sur-reply and represent a change from their prior position that the oral agreement was binding. *See Powell*, 497 F.3d at 129 (explaining that a "settlement remains binding even if a party has a change of heart"); *see also Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (brackets and internal quotation marks omitted)); *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) (explaining that courts generally do not consider arguments raised for the first time in reply briefs). The record clearly shows that Jericho, Pfeiffer, and Goebel intended to be bound by the oral agreement. And the district court ultimately adopted Jericho's proposed settlement order, as requested by Jericho and Pfeiffer before Jericho sought to void the agreement

6

altogether. In other words, Jericho and Pfeiffer successfully advocated for a settlement order without the Guaranty Provision and cannot now argue that an agreement without that term is void.

For similar reasons, we affirm the district court's order denying reconsideration. We review rulings on reconsideration motions for abuse of discretion. *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008). "[R]econsideration [of an order] will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[.]" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Moreover, reconsideration motions are "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). As discussed above, Jericho improperly raised the argument that the oral agreement was void for the first time in its proposed sur-reply. The district court therefore acted well within its discretion in denying the motion for reconsideration.

**III. Frivolous Filings**

Pfeiffer has filed several repetitive and frivolous motions in this appeal—which has delayed this appeal despite briefing having been completed in early 2019—and has filed several additional appeals from the same district court action, one of which has been denied as frivolous. Accordingly, Pfeiffer is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of a sanction that would require Pfeiffer to obtain permission from this Court prior to filing any further submissions in this Court (*i.e.*, a "leave-to-file" sanction). *See Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989).

7

We have considered all of the parties' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the orders of the district court and **DENY** the pending motions in this Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
